IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR272 |
| v. | |
| FREDRICK BURNS, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Fredrick Burns's ("Burns") Motion to Suppress (Filing No. 35) most of the evidence against him. Charged with one count of possessing methamphetamine and a fentanyl analogue with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and one count of using and carrying a firearm during and in relation to and in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), Burns moves to suppress "any and all evidence and statements obtained as a result of the execution of a search warrant and search conducted by law enforcement of the residence at 3820 S. 24th Street, Apt. 2, in Omaha, Nebraska, on July 11, 2022." Burns argues the warrant lacked sufficient indicia of probable cause to support a valid search and the good-faith exception announced in *United States v. Leon*, 468 U.S. 897, 922 (1984), does not apply "because the officers' reliance on the search warrant was entirely unreasonable under the circumstances."

On November 28, 2023, the magistrate judge[1] issued a Findings and Recommendation (Filing No. 47) recommending Burns's motion be denied. *See* 28 U.S.C. § 636(b)(1)(B) (authorizing the Court to "designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition" of a motion to suppress); Fed. R. Crim. P. 59(b)(1) (same). Looking at the information "found within the

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

four corners of the affidavit," *United States v. Saddler*, 19 F.4th 1035, 1039 (8th Cir. 2021) (quoting *United States v. Roberts*, 975 F.3d 709, 713 (8th Cir. 2020)), the magistrate judge concluded the warrant "application and affidavit set forth sufficient facts to establish a fair probability that contraband or evidence of criminal activity, specifically, narcotics trafficking, would be found at apartment #2 at 3820 S. 24th Street." In reaching that conclusion, the magistrate judge rejected Burns's suggestion that the search-warrant application failed "because there was no laboratory testing to confirm that" substances obtained in the course of the investigation "were controlled substances."

As to good faith, the magistrate judge found "that even if the warrant affidavit did not establish probable cause, the *Leon* good faith exception would apply." The magistrate judge reasoned that, given the totality of the information the officers had before them, it was reasonable for them to rely on the warrant.

Burns timely objected (Filing No. 48) to the magistrate judge's findings regarding the (1) sufficiency "of the affidavit and application," (2) need for laboratory testing, and (3) reasonableness of the officers' reliance on the warrant. Burns contends the magistrate judge misconstrued his argument about the lack of evidence establishing the requisite nexus between the suspected contraband and the location to be searched. *See United States v. Alexander*, 574 F.3d 484, 490 (8th Cir. 2009) (requiring a nexus). As Burns sees it, the investigation in this case "was sloppy, had holes and [law enforcement officers] were bailed out by the" judge that issued the warrant.

The government has not filed any response to Burns's objections, and the time to do so has now passed. *See* NECrimR 59.2(a).

After careful de novo review, *see* 28 U.S.C. § 636(b)(1)(C) (requiring de novo review "of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Crim. P. 59(b)(3) (same), the Court finds Burns's objections are without merit. In short, the Court agrees with the magistrate judge that the

search was supported by probable cause and, if it wasn't, the good-faith exception under *Leon* applies. Accordingly,

IT IS ORDERED:

1. Defendant Fredrick Burns's objections (Filing No. 48) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 47) is accepted in its entirety.
3. Burns's Motion to Suppress (Filing No. 35) is denied.

Dated this 2nd day of January 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge