IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>FREDRICK BURNS,<br><br>    Defendant. | 8:22CR272<br><br>MEMORANDUM<br>AND ORDER |

  On June 21, 2024, defendant Fredrick Burns ("Burns") waived indictment (Filing No. 60) and pleaded guilty to a two-count information (Filing No. 58) pursuant to a written plea agreement (Filing No. 64). Under that agreement, Burns pleaded guilty to one count of knowingly and intentionally possessing "with intent to distribute 5 grams or more of methamphetamine (actual) . . . and 100 grams or more of fentanyl analogue," in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and one count of knowingly using and carrying a firearm "during and in relation to" a drug-trafficking crime and knowingly possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C § 924(c)(1)(A).

  In his petition to change his plea to guilty (Filing No. 63), Burns stated he was satisfied with his counsel and averred his plea was not only voluntary but also was made "completely of [his] own choice, free of any force or threats from anyone." He further stated he was not promised anything to cause him to plead guilty beyond what was documented in his plea agreement. When asked, "What acts did you do that cause you to think you are guilty of the charge(s) to which you want to plead GUILTY?," Burns responded, "I possessed drugs with the intent to sell them while possessing a firearm."

  At his change-of-plea hearing, the Court carefully described the elements and penalties for both the drug and gun charges against Burns (Filing No. 103). He stated under oath that he committed each of those crimes and admitted to a factual basis that included

both drugs and guns. Burns advised the Court he had no questions about the charges against him and the government's evidence. He again averred that no one forced him, threatened him, nor made promises to him to get him to plead guilty. At the end of the hearing, the Court found that Burns's guilty plea was knowing, voluntary, and intelligent.

Burns appeared for sentencing on February 6, 2025 (Filing No. 122). The Court sentenced him to 87 months in prison on the drug charge and 60 months in prison on the gun charge, to run consecutively. *See* 18 U.S.C. § 924(c)(1)(A)(i) (requiring a consecutive mandatory minimum sentence for the gun charge). It also imposed concurrent 5-year terms of supervised release. Burns did not appeal. He is serving his time at the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin"). His projected release date is December 9, 2034.

Now before the Court is Burns's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 129). "Section 2255 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). Relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to complete an initial review of Burns's § 2255 motion. If it "plainly appears" that Burns is not entitled to relief based on the motion, attached exhibits, and the record, the Court will dismiss the motion. *Id.* If not, the Court must order the United States Attorney to "file an answer, motion, or other response" or take some other action. *Id.*; *accord* 28 U.S.C. § 2255(b).

Burns asserts two grounds for relief. First, he argues his retained counsel was ineffective because he knowingly induced Burns to plead guilty to using a firearm when he never actively employed or possessed a firearm. Second, he presents a related claim for "ineffective assistance of counsel and prosec[u]torial misconduct due-process vi[o]lation in the pl[e]a agreement." In that claim, he argues his counsel and the prosecutor knowingly induced him to plead guilty to possessing property found at a residence that was not his.

To prove ineffective assistance of counsel, Burns must show not only that his counsel's performance was deficient, that is, that he "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," but also that his poor performance prejudiced Burns's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord Burnett v. United States*, 125 F.4th 912, 914 (8th Cir. 2025). "To show prejudice, a defendant" like Burns "who pleaded guilty 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Sharp v. United States*, 132 F.4th 1094, 1098 (8th Cir. 2025) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

To prevail on a claim of prosecutorial misconduct, Burns must prove the prosecutor's conduct was improper and that the "conduct prejudicially affected [his] substantial rights so as to deprive him a fair trial." *United States v. Ziesman*, 409 F.3d 941, 953 (8th Cir. 2005) (quoting *United States v. Beckman*, 222 F.3d 512, 526 (8th Cir. 2000)). A prosecutor's "vigorous advocacy," *United States v. Bussey*, 942 F.2d 1241, 1253 (8th Cir. 1991), and hard bargaining do not suffice, *see Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (explaining that "by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty"). Indeed, Burns would have to show misconduct "so egregious that

[it] fatally infected the proceedings." *Jones v. Jones*, 938 F.2d 838, 844-45 (1991) (quoting *Blair v. Armontrout*, 916 F.2d 1310, 1324 (8th Cir. 1990)); *cf. Roberts v. Bowersox*, 137 F.3d 1062, 1066 (8th Cir. 1998) (explaining "prosecutorial misconduct does not warrant federal habeas relief unless the misconduct infected the" proceedings "with enough unfairness to" make the defendant's "conviction a denial of due process").

Burns would also have to overcome his failure to raise the issue during prior proceedings in this Court or on appeal. *See, e.g.*, *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010) ("Claims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion."); *Sun Bear*, 644 F.3d at 702 n.3 (explaining that failing to raise an issue on direct appeal requires the defendant "to avoid that procedural default using the cause and prejudice analysis mandated by *United States v. Frady*, 456 U.S. 152, 165-69 (1982)").

Burns undoubtedly faces a "heavy burden" to prove either of his claims. *Apfel*, 97 F.3d at 1076; *Mack v. Caspari*, 92 F.3d 637, 643 (8th Cir. 1996). And he falters right out of the gate. The Court can dismiss a § 2255 motion "without an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory." *Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000). Burns gets no farther than that.

His vague assertions that he had nothing to do with the gun or drugs seized in this case and that his counsel and the prosecutor induced him to plead guilty despite knowing he was innocent directly contradict multiple sworn statements he made in response to the Court's questions during an extensive plea colloquy. Burns told the Court in no uncertain terms that he was happy with his counsel, was pleading guilty knowingly and voluntarily, and that he was in fact guilty of the crimes charged in the information. Burns does not even try to explain those stark contradictions or his change of heart. *See Strickland*, 466 U.S. at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance

4

after conviction or adverse sentence."). On these facts, the Court finds Burns's sworn statements far more credible than his post-sentencing regrets and sees no miscarriage of justice in holding him to his agreement. *See Walking Eagle*, 742 F.3d at 1081-82.

One last question remains. Before Burns can appeal the Court's denial of his § 2255 motion, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). The Court cannot issue such a certificate unless Burns "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do that, he must demonstrate that a "reasonable jurist" would find this Court's denial of his "claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because he has not made that showing, the Court will not issue a certificate of appealability.

In sum, the Court's initial review of Burns's § 2255 "motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly,

    IT IS ORDERED:
1. Defendant Fredrick Burns's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 129) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered.
4. The Clerk of Court is directed to send a copy of this Memorandum and Order to Burns at his address of record.

Dated this 30th day of May 2025.

                                            BY THE COURT:

                                            Robert F. Rossiter, Jr.
                                            Chief United States District Judge